UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

TIMOTHY JOSEPH FRYMAN and
DEBRA ANN FRYMAN

CASE NO. 04-22977

DEBTORS

### MEMORANDUM OPINION AND ORDER

This matter having come before the Court on Debtor's Objections to Claim #9 of American Tax Funding (DOCs 60 & 68), and a hearing having been held on October 14, 2008, and the matter having been taken under submission, the court hereby issues this memorandum opinion and order.

The issue before the court is whether American Tax Funding should have its proof of claim reduced because its proof of claim includes amounts for attorney fees and legal expenses that American Tax Funding incurred in state court after the debtors filed bankruptcy.

Facts.

1. On July 23, 2004, American Tax Funding purchased a tax bill from Campbell County. Sometime within 50 days of this purchase, American Tax Funding sent a letter to debtors notifying the debtors that the tax bill had been purchased.

2. On November 24, 2004, debtors filed bankruptcy. Debtors did not list American Tax Funding as a creditor.

3. On May 7, 2007, counsel for American Tax Funding sent a letter to debtors notifying debtors that it might file a lawsuit to enforce its lien.

    4. On July 6, 2007, a title report was prepared for American Tax Funding. The title report did not reveal the debtors' bankruptcy filing.

    4. On July 27, 2007, American Tax Funding filed a foreclosure action in Campbell County Circuit Court.

    5. On July 30, 2007, debtors received notification that American Tax Funding was pursuing its tax bill in Campbell County Circuit Court.

    6. On January 5, 2008, debtor's counsel informed American Tax Funding's counsel that a bankruptcy action was pending.

    <u>Analysis</u>.

    Debtors argue that any attorney fees and expenses incurred in the state court action should be disallowed because American Tax Funding either had knowledge of the bankruptcy filing or should have had knowledge of the bankruptcy filing. The debtors do not argue that the fees are unreasonable. The debtors do not contest the statement by American Tax Funding that it sent a letter to the debtors notifying them that the tax bill had been purchased sometime within 50 days after the purchase of the tax bill on July 23, 2004. Debtors do argue that American Tax Funding either had knowledge of the bankruptcy or should have had knowledge of the bankruptcy when it performed a title search. However, American Tax Funding's counsel stated on the record that the title search did not lead to American Tax Funding learning of the bankruptcy. Thus, debtors ask this court to rule that American Tax Funding had a duty to find out whether debtors had filed bankruptcy when the title search was performed. The debtors have cited no law indicating that American Tax Funding had such a duty, and this court knows of no such duty.

For those reasons, Debtor's Objections to Claim #9 of American Tax Funding (DOC 60s & 68) are hereby OVERRULED.

Copies to:

Debbie Davis, Esq.
Debtors
James D. Ballinger, Esq.
Dennis C. Burke, Esq.
Beverly M. Burden, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
_William S. Howard_
**Bankruptcy Judge**
**Dated: Friday, October 17, 2008**
**(wsh)**